PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1994 Ford Aspire struck rocks while he was traveling north on W.Va. Route 2 in Mason County. W.Va. Route 2 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:50 a.m. on February 5, 2008. W.Va. Route 2 has a speed limit of fifty-five miles per hour. Claimant was driving to work at approximately fifty-five to sixty miles per hour when rocks from the hill side, located on the right side of the road, fell loose and struck claimant’s vehicle. Claimant testified that he drove onto the southbound lane to avoid the rocks, but there were rocks located in this lane as well. Claimant couldn’t avoid striking the rocks with his vehicle. Claimant travels this road frequently. He testified that this was the first time that he saw rocks scattered in the roadway. As a result of this incident, claimant’s vehicle sustained damage to its tire and tie rods in the amount of $265.91. Claimant also needed to have the vehicle re-aligned ($32.95). Claimant also seeks to recover work loss in the amount of $141.84. Thus, claimant’s damages total $440.70.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 2 at the time of claimant’s incident. Hamilton R. Roush, currently the Highway Administrator for respondent in Mason County, testified that he was the Transportation Crew Supervisor in Mason County at the time of this incident. He stated that this particular hill side consists of red clay at the bottom, shale in the middle, and hard rock at the top. He testified that erosion from the bottom of the hill side causes the rocks at the top to bréale loose. The berm in this area is approximately six feet wide, and rocks fall onto the berm approximately once every two months. Mr. Roush testified that rocks fall onto the roadway at this location approximately twice a year. He further stated that there are falling rock signs located in this area. Mr. Roush stated that a design study is currently being conducted to determine what is needed to be done to alleviate this problem. However, there are *22 approximately fourteen other rock fall areas in Mason County.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep ’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the condition on W.Va. Route 2. Although there are falling rock signs located in this area, the Court finds that respondent could have taken further measures to protect the safety of the traveling public at this location. Thus, the Court is of the opinion that respondent is liable for the damages to claimant’s vehicle. The Court also finds that claimant was twenty-percent (20%) negligent because he knew that this was a rock fall area and failed to reduce his speed based on the road conditions. Since the negligence of the claimant is not greater than or equal to the negligence of the respondent, claimant may recover eighty-percent (80%) of the loss sustained.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $352.56.